IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOEY R. BRYANT, an Individual, )<br>)<br>   Plaintiff, )<br>v. )<br>)<br>GREGORY A. PATE, an Individual, and )<br>TRU VISION EXPRESS, LLC., a )<br>Missouri Limited Liability Company, )<br>)<br>   Defendants. ) | Case No.<br><br>**TRIAL BY JURY DEMANDED** |

## **COMPLAINT**

COMES NOW Plaintiff, Joey R. Bryant, by and through his undersigned counsel, Hassakis & Hassakis, P.C., and for his Complaint at Law, states and alleges as follows:

## **PARTIES**

1. That at all times relevant hereto, Plaintiff, Joey R. Bryant, was a resident and citizen of St. Clair County, Illinois.

2. That at all times relevant hereto, Defendant, Gregory A. Pate, was a resident and citizen of the State of Missouri.

3. That at all times relevant hereto, Defendant, Tru Vision Express, LLC., was and continues to be a limited liability company located at 10050 Grosvenor Drive with sole member-manager, Bryan Anderson, who maintains residence and citizenship at that same address in the State of Missouri.

## **VENUE AND JURISDICTION**

4. That the motor vehicle crash which underlies this cause of action occurred in Washington County, Illinois near Richview, Illinois 62877 on Interstate-64 at or near mile-post 58 and venue is therefore appropriate pursuant to 28 U.S.C. 1391(b)(2).

5. Plaintiff brings his complaint under Federal Diversity Jurisdiction pursuant to 28. U.S.C. 1332, as the parties to this case are completely diverse in citizenship and the amount in controversy exceeds $75,000.00.

## FACTS COMMON TO ALL COUNTS

6. On March 24, 2021, Interstate-64, at or near mile-post 58, was a four-lane roadway with two lanes designated for westbound travel and two lanes designated for eastbound travel.

7. On March 24, 2021 Plaintiff was the driver of an Illinois Department of Transportation, 2017 International 7400 SFA "dump truck" (VIN #1HTWDTAR9JH577645) then operated in the right lane of westbound Interstate-24.

8. On said date and at said location, Plaintiff's 2017 International 7400 SFA was at a complete stop while his fellow IDOT employees performed scheduled roadwork on I-64 and directly in front of Plaintiff's stopped 2017 International 7400 SFA.

9. On said date and at said location, Plaintiff's 2017 International 7400 SFA was hauling a truck mounted attenuator with accompanying directional arrow indicating that approaching vehicles should move over to the left lane of westbound I-64 due to ongoing roadwork.

10. On said date and at said location, the truck mounted attenuator with accompanying directional arrow was turned on and flashing with yellow lights indicating for approaching vehicles to move into the left lane.

11. On March 24, 2021 Defendant, Gregory A. Pate, was operating a 2018 Hino TK (VIN #5PVNJ8JV5J4S67091) and was traveling westbound in Interstate-24.

12. On said date and near said mile-post, Defendant, Gregory A. Pate, was traveling in the right lane of westbound Interstate-64.

13. On said date and near said mile-post, Defendant, Gregory A. Pate was swerving in and out of the right and left lanes of westbound traffic while approaching Plaintiff's stopped vehicle.

14. On said date and at said location, Defendant, Gregory A. Pate, was traveling at an excessively high rate of speed and well above the maximum posted speeds on Interstate-64.

15. On said date and at said location, Defendant, Gregory A. Pate, approached Plaintiff's stopped vehicle at a high rate of speed from the rear and attempted to swerve back into the left lane, and in so attempting, struck the rear of Plaintiff's dump-truck.

16. As a result of the aforesaid impact, Plaintiff's vehicle was struck with sufficient force to push his vehicle off of I-64 and into the grass ditch. Plaintiff's vehicle was additionally hit with sufficient force to turn the front of Plaintiff's vehicle to face east.

17. As a result of the aforesaid impact, Plaintiff suffered injuries to his person, including but not limited to, spinal trauma.

## COUNT I
### (Negligence – Joey R. Bryant v. Gregory A. Pate)

18. Plaintiff incorporates and realleges herein, paragraphs 1 through and including 17.

19. That at said date and location, Defendant, Gregory A Pate, operated his vehicle in such a manner that the vehicle then operated by him collided with the rear of Plaintiff's vehicle.

20. That at said date and location, Defendant, Gregory A. Pate, violated his duty to Plaintiff, Joey R. Bryant, and was guilty of one, more than one or all of the following negligent acts and/or omissions:

   a. Operated his vehicle at a rate of speed that was above the maximum speed limit;
   b. Failed to keep his vehicle under proper control;
   c. Failed to avoid colliding with Plaintiff's vehicle which Plaintiff was lawfully operating on I-64;
   d. Failed to abide by the dictates of a traffic control device;
   e. Failed to abide by the dictates of "Scott's Law" when approaching an authorized stationary vehicle in violation of 625 ILCS 5/11-901(c);
   f. Operated his vehicle at a speed which was greater than reasonable and proper with regard to traffic and weather conditions and the use of the roadway and/or endangered the safety of Plaintiff in violation of 625 ILCS 5/11-601(a); and
   g. Operated his vehicle without possessing the knowledge and skill required to do so.

21. That as a direct and proximate result of said collision, Plaintiff, Joey R. Bryant, sustained numerous, severe, disabling and disfiguring injuries to his body and has suffered and will continue to suffer in the future physical and mental anguish; that Plaintiff has incurred and become liable for medical attention, care, treatment and services in an effort to be cured of said injuries, and is reasonably certain to incur bills for medical attention, care, treatment and services for his injuries in the future; Plaintiff has been unable to perform his activities as he has in the past, and is reasonably certain to suffer from impairment in his activities in the future, Plaintiff has further lost wages and is likely to suffer impairment to his ability to earn wages in the future; all of the foregoing damages being to the harm and injury of Plaintiff in a substantial sum of money.

WHEREFORE, Plaintiff, Joey R. Bryant, prays for Judgment against Defendant, Gregory A. Pate, in an amount in excess of Seventy-Five Thousand and no/100ths Dollars ($75,000.00), plus his costs of suit.

## COUNT II
### (Willful/Wanton – Joey R. Bryant v. Gregory A. Pate)

22. Plaintiff incorporates and realleges herein, paragraphs 1 through and including 21 of Count I.

23. That at said date, time and place, Defendant, Gregory A. Pate drove his vehicle at a high rate of speed and was reckless given the volume of traffic and roadwork occurring on I-64.

24. That at said date, time and place, Defendant Gregory A. Pate was swerving in and out of traffic in order to pass vehicles then traveling on westbound I-64.

25. That at said date, time and place, Defendant Gregory A. Pate unlawfully passed and/or attempted to pass vehicles using the right lane of westbound I-64.

26. That at said date, time and place, Defendant, Gregory A. Pate operated his vehicle with a loose, unrestrained canine in the cab of his vehicle thereby distracting Defendant, Gregory A. Pate, from operating his vehicle in a safe manner.

27. That Defendant, Gregory A. Pate was reckless and acted with indifference and/or conscious disregard for his safety and the safety of others when operating his vehicle in the manner as described on March 24, 2021.

28. As a direct result of Defendant, Gregory A. Pate's, reckless conduct on March 24, 2021, he operated his vehicle in such a manner that the vehicle then operated by him collided with the rear of Plaintiff's vehicle at a high rate of speed.

29. That as a direct and proximate result of said collision, Plaintiff, Joey R. Bryant, sustained numerous, severe, disabling and disfiguring injuries to his body and has suffered and will continue to suffer in the future physical and mental anguish; that Plaintiff has incurred and become liable for medical attention, care, treatment and services in an effort to be cured of said injuries, and is reasonably certain to incur bills for medical attention, care, treatment and services for his injuries in the future; Plaintiff has been unable to perform his activities as he has in the past, and is reasonably certain to suffer from impairment in his activities in the future, Plaintiff has further lost wages and is likely to suffer impairment to his ability to earn wages in the future; all of the foregoing damages being to the harm and injury of Plaintiff in a substantial sum of money.

WHEREFORE, Plaintiff, Joey R. Bryant, prays for Judgment against Defendant, Gregory A. Pate, in an amount in excess of Seventy-Five Thousand and no/100ths Dollars ($75,000.00), plus his costs of suit.

## COUNT III
### (Vicarious Liability – Joey R. Bryant v. Tru Vision Express, LLC)

22. Plaintiff incorporates and realleges herein, paragraphs 1 through and including 21 of Count I.

23. That at said date and location, Defendant, Gregory A. Pate, was operating his vehicle in the course and scope of his employment and/or agency relationship with Defendant, Tru Vision Express, LLC.

24. That at said date and location, Defendant, Gregory A. Pate, was an agent and/or employee of Defendant, Tru Vision Express, LLC.

25. That at said date and location, Defendant, Tru Vision Express, LLC, individually and/or by and through its employee and/or agent, violated its duty to Plaintiff, Joey R. Bryant, and was guilty of one, more than one or all of the following negligent acts and/or omissions:

   a. Operated his vehicle at a rate of speed that was above the maximum speed limit;
   b. Failed to keep his vehicle under proper control;
   c. Failed to avoid colliding with Plaintiff's vehicle which Plaintiff was lawfully operating on I-64;
   d. Failed to abide by the dictates of a traffic control device;
   e. Failed to abide by the dictates of "Scott's Law" when approaching an authorized stationary vehicle in violation of 625 ILCS 5/11-901(c);
   f. Operated his vehicle at a speed which was greater than reasonable and proper with regard to traffic and weather conditions and the use of the roadway and/or endangered the safety of Plaintiff in violation of 625 ILCS 5/11-601(a);
   g. Operated his vehicle without possessing the knowledge and skill required to do so in violation of 49 C.F.R § 383.111; and
   h. Failed to ensure that Defendant, Gregory A. Pate, possessed the required knowledge to operate his vehicle.

26. That as a direct and proximate result of said collision, Plaintiff, Joey R. Bryant, sustained numerous, severe, disabling and disfiguring injuries to his body and has suffered and will continue to suffer in the future physical and mental anguish; that Plaintiff has incurred and become liable for medical attention, care, treatment and services in an effort to be cured of said injuries, and is reasonably certain to incur bills for medical attention, care, treatment and services for his injuries in the future; Plaintiff has been unable to perform his activities as he has in the past,

and is reasonably certain to suffer from impairment in his activities in the future, Plaintiff has further lost wages and is likely to suffer impairment to his ability to earn wages in the future; all of the foregoing damages being to the harm and injury of Plaintiff in a substantial sum of money.

WHEREFORE, Plaintiff, Joey R. Bryant, prays for Judgment against Defendant, Tru Vision Express, LLC, in an amount in excess of Seventy-Five Thousand and no/100ths Dollars ($75,000.00), plus his costs of suit.

## COUNT IV
### (Negligent Entrustment – Joey R. Bryant v. Tru Vision Express, LLC)

27. Plaintiff incorporates and realleges herein, paragraphs 1 through and including 26 of Count III.

28. That at said date and location, Defendant, Gregory A. Pate, was operating his vehicle in the course and scope of his employment and/or agency relationship with Defendant, Tru Vision Express, LLC.

29. That at said date and location, Defendant, Gregory A. Pate, was an agent and/or employee of Defendant, Tru Vision Express, LLC.

30. That Defendant, Tru Vision Express, LLC, knew, or should have known that Defendant, Gregory A. Pate, had a significant history of traffic violations, suspensions and point revocations regarding his driver's license including, but not limited to:

   a. Point Revocation on 11/14/2012;
   b. Conviction for Improper Lane Usage on 10/5/2012;
   c. Conviction for Driving While Suspended on 10/5/2012;
   d. Point Revocation on 9/26/2008;
   e. Conviction for Traffic/Turn Signal Violation on August 18, 2008;
   f. 30 Day Point Suspension on 5/9/2008;
   g. Conviction for Speeding on February 5, 2008;
   h. Conviction for Driving Without a License on November 1, 2006;

31. That Defendant, Tru Vision Express, LLC, knew or should have known that Defendant, Gregory A. Pate, frequently flouted and disregarded traffic laws in that he often drove unregistered and uninsured motor vehicles and was often cited in the State of Missouri for driving unregistered and unlicensed motor vehicles.

32. That Defendant, Tru Vision Express, LLC knew, or should have known, that defendant, Gregory A. Pate, was unfit to operate the 2018 Hino TK with an attached trailer and

lacked sufficient knowledge to operate the 2018 Hino TK with an attached trailer to an extent that defendant, Gregory A. Pate, created a danger of harm to plaintiff and the motoring public.

33. That Defendant, Tru Vision Express, LLC, knew, or should have known, that Defendant, Gregory A. Pate, was unfit at the time Defendant Pate was permitted to operate the 2018 Hino TK with attached trailer as he had an extensive adverse prior driving record with multiple infractions related to operating vehicles.

34. That Defendant, Tru Vision Express, LLC, entrusted the 2018 Hino TK with attached trailer to Defendant, Gregory A. Pate, despite what it knew or should have known regarding the reasonable likelihood that Defendant Pate would use the 2018 Hino TK in a manner likely to create an unreasonable risk of harm to the motoring public.

35. That as a direct and proximate result of said collision, Plaintiff, Joey R. Bryant, sustained numerous, severe, disabling and disfiguring injuries to his body and has suffered and will continue to suffer in the future physical and mental anguish; that Plaintiff has incurred and become liable for medical attention, care, treatment and services in an effort to be cured of said injuries, and is reasonably certain to incur bills for medical attention, care, treatment and services for his injuries in the future; Plaintiff has been unable to perform his activities as he has in the past, and is reasonably certain to suffer from impairment in his activities in the future, Plaintiff has further lost wages and is likely to suffer impairment to his ability to earn wages in the future; all of the foregoing damages being to the harm and injury of Plaintiff in a substantial sum of money.

WHEREFORE, Plaintiff, Joey R. Bryant, prays for Judgment against Defendant, Tru Vision Express, LLC, in an amount in excess of Seventy-Five Thousand and no/100ths Dollars ($75,000.00), plus his costs of suit.

**TRIAL BY JURY DEMANDED**

                                         HASSAKIS & HASSAKIS, P.C.,
                                         Attorneys for Plaintiff,
                                         JOEY R. BRYANT

                                 By: /s/ Paul E.H. Rademacher
                                         Paul E.H. Rademacher

Attorneys for Plaintiff:
HASSAKIS & HASSAKIS, P.C.
206 South Ninth Street, Suite 201
Post Office Box 706
Mount Vernon, IL 62864
Phone: (618) 244-5335
Fax: (618) 244-5330
Email: paul@hassakislaw.com
ARDC No.: 6324529